Edward W. Goldstein
Holly H. Barnes
**Goldstein, Faucett & Prebeg, LLP**
1177 West Loop South, Suite 400
Houston, Texas  77027
Telephone:   (713) 877-1515
Facsimile:    (713) 877-1737
Email:  egoldstein@gfpiplaw.com
E-mail:  hbarnes@gfpiplaw.com

James G. Speer
**Gust Rosenfeld PLC**
201 E. Washington, Ste 800
Phoenix, AZ  85004-2327
Telephone:    (602) 257-7422
Facsimile :    (602) 340-1538
Email:  jgspeer@gustlaw.com

Attorneys for Plaintiffs

Nina Y. Wang CO Bar # 35384
**Faegre & Benson, LLP**
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: nwang@faegre.com

Christopher J. Burrell, MN Bar #386475
**Faegre & Benson, LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel:  612-766-7000
Fax:  612-766-1600
E-mail:  cburrell@faegre.com

Brian LaCorte (012237)
Donna H. Catalfio (021827)
**Gallagher & Kennedy, PA**
2575 E. Camelback Rd., Suite 1100
Phoenix, AZ 85016-9225
Email:  bwl@gknet.com
Email:  dhc@gknet.com

Attorneys for Defendant PremierGarage
Systems, LLC

Scott F. Gibson
Russell A. Nevers
**Gibson Ferrin, PLC**
1423 South Higley Road
Suite 110
Mesa, Arizona 85206
Tel:  480-633-8100
Fax:  480-633-8488
Email:  sgibson@gfrlaw.net
Email:  rnevers@gfrlaw.net

Attorneys for Defendants In & Out Garage
Floors, LLC and Schorr Technologies, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| FREDA, INC.; RICHARD E. ASHER, d/b/a) DUALCURE TECHNOLOGY, LLC; INDMAR COATINGS CORP.; and HP SPARTACOTE, LLC, <br><br> Plaintiffs, | No. 2:09-cv-02699-SRB <br><br> **JOINT CASE MANAGEMENT REPORT** |

– 1 –

v.                                          )
                                            )
PREMIERGARAGE SYSTEMS, LLC;                  )
SCHORR TECHNOLOGIES, LLC; and IN             )
& OUT GARAGE FLOORS, LLC,                    )
                                            )
                    Defendants.              )
                                            )
PREMIERGARAGE SYSTEMS, LLC,                  )
                                            )
                    Crossclaim-Plaintiff,    )
                                            )
v.                                          )
                                            )
IN & OUT GARAGE FLOORS, LLC,                 )
                                            )
                    Crossclaim-Defendant.    )
                                            )
PREMIERGARAGE SYSTEMS, LLC,                  )
                                            )
                    Third Party-Plaintiff,   )
                                            )
v.                                          )
                                            )
RONALD SCHORR,                               )
                                            )
                    Third Party-Defendant    )

– 2 –

1    Pursuant to the Court's order dated April 6, 2010, counsel for the parties met and

2    conferred on May 5, 2010 and hereby submit the   Proposed Case Management Plan, below.

3    **1.    The nature of the case, setting forth in a brief statement the factual and legal**

4    **basis for Plaintiffs' claims and Defendants' defenses.**

5    **a.    Factual and Legal Basis of Plaintiffs' Claims.**

6    Plaintiffs Freda, Inc. and Richard E. Asher d/b/a/ DualCure Technology, LLC own

7    U.S. Patents Nos. 6,833,424 and 7,169,876 (collectively referred to as "the asserted patents")

8    which relate to dual cure polyurea coatings.  Plaintiffs allege that Defendants' make, sell

9    and/or offer to sell garage floor coatings that infringe both of the asserted patents.  35 U.S.C.

10   § 271 provides that "whoever without authority makes, uses, offers to sell or sells any

11   patented invention, within the United States or imports into the United States any patented

12   invention during the term of the patent therefore, infringes the patent."  A determination of

13   infringement is a two-step inquiry requiring the Court to first determine the scope and

14   meaning of the Asserted Patents and secondly to apply the properly construed claims to the

15   allegedly infringing products.   *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed.

16   Cir. 1998). Upon a finding of infringement, a patentee is entitled to "damages adequate to

17   compensate for the infringement, but in no event less than a reasonable royalty for the use

18   made of the invention by the infringer, together with interest and costs as fixed by the court."

19   35 U.S.C. § 284.  Plaintiffs further allege that the Defendants have had knowledge of

20   Plaintiffs' interest in such patents since as early as March 26, 2008, and that Defendants'

21   infringement is therefore willful.  "Willfulness is shown when, upon consideration of the

22   totality of the circumstances, clear and convincing evidence establishes that the infringer

23   acted in disregard of the patent, and that the infringer had no reasonable basis for believing it

24   had a right to engage in the infringing acts."  *Atmel Corp. v. Silicon Storage Tech., Inc.*, 76

25   Fed. Appx. 298, 313 (Fed. Cir. 2003).  Plaintiffs' Complaint asks the Court to increase any

26   damages award by up to three times the amount found pursuant to 35 U.S.C. § 284.

27

28

**b.** **Factual and Legal Basis of PremierGarage's Defenses and Claims**

This is a case in which all PremierGarage product specifically accused by Plaintiffs of infringement was either purchased from or manufactured with a purportedly proprietary formula provided by Defendant In & Out Garage Floors LLC ("In & Out") and/or Third Party Defendant Ronald Schorr ("Schorr") under license.  PremierGarage discontinued manufacturing the accused PremierOne product[1] in May 2009, and sold off its remaining supply of PremierOne product no later than September 2009.

Under the three relevant license, supply, and/or consulting agreements (dated January 22, 2005, July 31, 2007, and August 21, 2007) between PremierGarage and In & Out and/or Schorr, In & Out and Schorr represented that they had all right and title to the polyaspartic floor coatings that PremierGarage made, used, and/or sold under the agreements as the PremierOne product, including all right and title to the intellectual property covering the PremierOne product.  Moreover, In & Out and Schorr agreed to indemnify and hold PremierGarage harmless for any claims of patent infringement against products made, used, or sold under the agreements.  Based on the indemnity obligations arising from the agreements and U.C.C. § 2-312 and Ariz. Rev. Stat. § 47-2312, PremierGarage has asserted crossclaims for indemnification against In & Out and third party claims for indemnification against Schorr.  In & Out and Schorr are liable to PremierGarage for all of Plaintiffs' claims against PremierGarage, for PremierGarage's attorneys fees and costs incurred in defending against Plaintiff's action and in bringing and prosecuting PremierGarage's third party claim against Schorr, and for any pre- and/or post-judgment interest assessed against PremierGarage.

---

[1] Plaintiffs' Complaint does not limit its infringement allegations to PremierOne, but rather alleges that "[u]pon information and belief, Premier sells or has sold products, including specifically the Premier Garage Topcoat and Base and Premier Garage B Topcoat and Base, which embody at least one claim of the Asserted Patents."  As discussed in more detail below, Plaintiffs should be required to either explicitly include or exclude Premier NX as an accused product in this litigation.

– 4 –

With respect to Plaintiffs' claims, PremierGarage has asserted non-infringement and invalidity affirmative defenses as well as non-infringement and invalidity counterclaims against Plaintiffs. Consistent with PremierGarage's affirmative defense and counterclaim of non-infringement, one of the Plaintiffs, Indmar Coatings Corp. ("Indmar"), sent a letter to the Court on March 17, 2010, stating its belief that PremierGarage does not infringe the asserted patents. In that letter, Indmar, through its president Wilmer Rowe, stated, "[w]e wish to have our names removed as one of the plaintiffs in the above case. . . . The reason for the removal is that we did an intensive review of the testing data of the materials for which infringement is claimed and found there is a problem and that there is no infringement." Upon information and belief, PremierGarage's products – particularly as used – do not exhibit, for example, the stoichiometric ratio required by the asserted claims of the Patents-in-Suit. As a further example, the PremierGarage products, as acknowledged by Mr. Rowe, do not "dry to handle" within 120 minutes. Because its products do not meet at least one limitation of every claim of the Asserted Patents, PremierGarage contends it does not infringe any valid claims of the Asserted Patents. Furthermore, by reason of admissions, arguments, statements and/or amendments made by the applicant for the Asserted Patents during prosecution of the applications that resulted in the issuance of the Asserted Patents, Plaintiffs are estopped from having any claim of the Asserted Patents to include any accused PremierGarage product under the doctrines of prosecution history estoppel and prosecution history disavowal.

With respect to PremierGarage's invalidity affirmative defenses and counterclaims, PremierGarage asserts that the claims of the '424 and '876 Patents are invalid for failure to comply with the requirements of patentability, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

PremierGarage further contends that even if it has infringed any valid claim of the Asserted Patents, Plaintiffs are not entitled to any damages and/or Plaintiffs' damages are

limited.  For example, by reason of Plaintiffs' delay in bringing suit, Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and/or implied license.  By reason of the failure to mark product made or sold by or for Plaintiffs that was covered by the '424 and/or '876 Patents, Plaintiffs' damages, if any, are limited under 35 U.S.C. § 287(a) to the period after Plaintiffs gave PremierGarage actual notice of their contention that PremierGarage infringed the Asserted Patents.  By reason of Plaintiffs' license from Bayer Material Science, *inter alia*, Plaintiffs' damages, if any, are limited under the first sale, exhaustion, and/or license doctrines.  Moreover, Plaintiffs have sued both PremierGarage and In & Out for patent infringement based on the same product, but Plaintiffs are precluded as a matter of law from collecting damages from multiple entities within the chain of manufacture and/or sale of a product.

Because PremierGarage has objectively reasonable defenses to Plaintiffs' infringement claims and has at all times acted in good faith, PremierGarage does not and did not willfully infringe or otherwise violate any right of Plaintiffs.  Indeed, at all times, PremierGarage reasonably relied upon Defendant In & Out Garages and Cross-Complaint Defendant Ronald Schorr's multiple representations that In & Out Garages and/or Schorr were licensing products and/or formulas that were proprietary to them, and were not in violation of any third party's intellectual property.  Once PremierGarage was informed about any allegation of infringement of the Patents-in-Suit, PremierGarage immediately contacted In & Out Garages and Schorr under the indemnity provisions of the respective licenses.  In addition, PremierGarage reasonably relied upon the analysis provided by In & Out Garages' attorney, that indicated that the Patents-in-Suit were not infringed and were invalid.  Furthermore, Mr. Rowe's assertions confirm that PremierGarage's belief that its products were not infringing was objectively and subjectively reasonable.  Plaintiffs are not entitled to any exemplary or trebled damages with respect to PremierGarage; this is not an exceptional case as against PremierGarage; and there are no facts to support the award of attorney's fees

or costs against PremierGarage to Plaintiffs.  Further supporting the absence of willful infringement on the part of PremierGarage, Plaintiffs' damages, if any, were the result of acts, omissions, negligence, and/or intentional misconduct of third parties over which PremierGarage had no control, and the Plaintiffs failed to use proper and reasonable efforts to mitigate losses and damages incurred (the existence of which are denied).   Moreover, Plaintiffs' damages, if any, were caused, in whole or in part, by the acts, omissions, negligence, and/or intentional misconduct by Plaintiffs.

In view of the claims by Indmar that Plaintiffs' presuit testing showed that PremierGarage does not and has not infringed the Asserted Patent, the Patents-in-Suit are unenforceable against PremierGarage, in whole or in part, under the doctrine of patent misuse.  Finally, because some or all of Plaintiffs, including but not limited to Indmar and/or HP Spartacote, do not have sufficient title or right to the Asserted Patents, they are not entitled to any relief requested herein.  Upon information and belief, any license agreement related to the Patents-in-Suit and Indmar and/or HP Spartacote terminated no later than March 17, 2010.

b.     **Factual Basis of Defense for Defendants In & Out and Schorr Technologies**

Defendants In & Out Garage Floors, LLC ("In & Out") and Schorr Technologies, LLC ("Schorr Tech") assert that the product at issue does not infringe the asserted patents. The testing on which Plaintiffs rely is scientifically incapable of producing any evidence to support Plaintiffs' claim of infringement.  Proper testing shows that the product does not infringe the patents.

The prosecution history of the '424 patent shows that after the original claims were rejected, the original claims were canceled and replaced with new claims drawn to formulas where the polyaspartic ester is over indexed with the polyisocyanate above 1.5 of NCO to NH.  Because of the amendment, Plaintiffs are estopped from claiming infringement under

the doctrine of equivalents.  *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.,* 304 F.3d 1289 (Fed. Cir. 2002).

Moreover, the patents are invalid.  Compositions containing polyaspartic esters and polyisocyanates with NCO/NH ratios of 1.5 and below were well known in the prior art.

In & Out and Schorr Tech join in the factual and legal defenses raised by PremierGarage at page 4, line 23 through page 6, line 9, and at page 7, lines 6-13.  In addition, Plaintiffs are not entitled to recover exemplary damages, treble damages, or attorneys' fees.

The Court recently granted leave for PremierGarage to file cross-claims against In & Out and Schorr Tech, and to file a third-party complaint against Ronald Schorr.  In & Out and Schorr Tech shortly will be filing their responsive pleading.  We anticipate raising affirmative defenses of set-off and recoupment.  In addition, counsel has been informed that Ronald Schorr has filed for personal bankruptcy, which would discharge the claims raised in the third-party complaint.  Counsel has been seeking input from Mr. Schorr related to the bankruptcy filing.

**2.  Elements of Proof necessary for each claim and affirmative defense**

  **a.     Plaintiff's Infringement Cause of Action**

Plaintiffs must prove that Defendants' products meet every limitation of the asserted claims of the Patents-in-Suit, either literally or under the doctrine of equivalents.  Plaintiffs must also provide evidence to be used to determine the reasonable royalty to be awarded following a finding of infringement.

  **b.     PremierGarage's Affirmative Defenses, Counterclaims, Crossclaims, and Third Party Complaint**

  ***Affirmative Defense and Declaration of Non-Infringement*.**  Plaintiffs have the burden of proving that PremierGarage's accused product meets each and every limitation of the asserted patents by a preponderance of the evidence.  *See* 35 U.S.C. § 271(a); *Hutchins v.*

– 8 –

*Zoll*, 492 F.3d 1377, 1380 (Fed. Cir. 2007).  Infringement determinations are a two-step process that first require the claims to be construed and then the properly construed claims to be compared to the accused product.  *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd*, 570 U.S. 370 (1996).  If PremierGarage's accused product lacks even one limitation of a claim, it does not infringe that claim.

      ***Affirmative Defense and Declaration of Invalidity.***  PremierGarage has the burden to prove by clear and convincing evidence that the claims of the asserted patents are invalid for failure to meet the statutory requirements of patentability. *Buildex, Inc. v. Kason Indus., Inc.*, 849 F.2d 1461, 1463 (Fed. Cir. 1988); *Hybritech, Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1375 (Fed. Cir. 1986).  A claim is invalid by reason of 35 U.S.C. § 101 if it fails to disclose a "new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof."  *See also In re Dunn*, 349 F.2d 433 (CCPA 1965). A claim is invalid by reason of anticipation under 35 U.S.C. § 102 if a single prior art reference discloses each limitation of that claim, either expressly or inherently.  *Apotex U.S.A., Inc. v. Merck & Co.*, 254 F.3d 1031, 1035 (Fed. Cir. 2001); *Mycogen Plant Science, Inc. v. Monsanto Co.*, 243 F.3d 1316, 1330 (Fed. Cir. 2001).

      A claim is invalid by reason of obviousness under 35 U.S.C. § 103 if "the differences between the subject matter sough to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."  The obviousness inquiry is objective, and

> [u]nder § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved.  Against this background, the obviousness or nonobviousness of the subject matter is determined.  Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc.,

– 9 –

might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented.

*Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966). "The combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415 (2007). Furthermore, "when there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill has good reason to pursue the known options within his or her technical grasp. If this leads to the anticipated success, it is likely the product not of innovation but of ordinary skill and common sense. In that instance the fact that a combination was obvious to try might show that it was obvious under § 103." *Id.* at 421.

A claim is invalid under 35 U.S.C. § 112 where the specification fails to provide an adequate written description of the claimed invention. Specifically, the specification "must clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed. In other words, the test for sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010)(en banc) (citations and quotations omitted). Section 112 also requires that full scope of a claim be enabled as of the effective filing date of the asserted patent. In order for a patent to meet the enablement requirement, the specification must enable a person having ordinary skill in the art to practice the full scope of the claimed invention without undue experimentation. *See Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371 (Fed. Cir. 2007). Furthermore, section 112 requires that patentee "particularly point[] out and distinctly claim[] the subject matter which the applicant regards as his invention." A claim will be held invalid for indefiniteness "where a person of ordinary skill in the art could not determine the bounds of the claims, i.e., the claims were insolubly ambiguous." *Halliburton Energy Servs. v. M-I LLC*, 514 F.3d 1244 (Fed. Cir.

– 10 –

2008).   Finally, a claim may be found invalid under section 112 for failure to disclose "the best mode contemplated by the inventor of carrying out his invention."  35 U.S.C. § 112(1); *Bayer AG v. Schein Pharms., Inc.*, 301 F.3d 1306, 1320 (Fed. Cir. 2002)

**Standing.**  While exclusive licensees may sue for patent infringement, bare licensees may not.  To the extent Indmar or HP Spartacote are bare licensees—not exclusive licensees—and/or do have any license, they are not proper plaintiffs.  Moreover, to the extent Freda and/or Asher do not have an ownership interest in the Asserted Patents, they are not proper parties to this infringement suit.  *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333 (Fed. Cir. 2001).  The burden of establishing that the Plaintiffs have standing rests with the Plaintiffs.

**Estoppel, Waiver, Laches, and Implied License.**  Under the doctrine of laches, PremierGarage must show that Plaintiffs delayed filing their suit for an unreasonable and inexcusable length of time from the time Plaintiffs knew or should have known of their claim against PremierGarage and that PremierGarage suffered material prejudice attributable to Plaintiffs' delay.  *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 116 (Fed. Cir. 1993).  Under the doctrine of estoppel and waiver, PremierGarage must show that Plaintiffs, through conduct upon which PremierGarage relied, led PremierGarage to reasonably infer that Plaintiffs did not intend to enforce their patent rights; PremierGarage relied on Plaintiffs' conduct; and that due to PremierGarage's reliance, it would be materially prejudiced if Plaintiffs were allowed to proceed with their claims. *A.C. Aukerman Co. v. R.L. Chaides Constr.*, 960 F.2d 1020 (Fed. Cir. 1992).

**Marking.**  35 U.S.C. § 287(a) is a statutory prerequisite to recovery of pre-notice damages for which the patentee bears the burden of proving compliance by a preponderance of the evidence.  *Nike Inc. v. Wal-Mart Stores*, 138 F.3d 1437, 1446 (Fed. Cir. 1998).  Where the patentee or a licensee sold products in the United States covered by the Asserted Patents but failed to substantially mark those products with the requisite patent numbers, the patentee

– 11 –

may not recover patent infringement damages for the period prior to giving PremierGarage actual notice of its contention that PremierGarage infringed the Asserted Patents. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996).

**First Sale, Exhaustion, and License.**  "[T]he initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Computer, Inc. v. LG Elecs., Inc.*, 128 S. Ct. 2109, 2117 (2008).  Plaintiffs thus may not recover damages for any product sold by PremierGarage that was purchased from either the patentee or an authorized licensee.

**Defenses to Willful Infringement and Exceptional Case Status.**  "[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.  The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  No objectively high likelihood of infringement of a valid patent exists here because Premier Garage has objectively reasonable defenses to both infringement and the validity of the asserted patents. Moreover, any such objectively-defined risk was either not known or not so obvious that it should have been known by PremierGarage because at all times PremierGarage acted in good faith; the damages, if any, that were alleged sustained by Plaintiffs were the result of acts, omissions, negligence, and/or intentional misconduct of third parties over which PremierGarage had no control; the Plaintiffs failed to use proper and reasonable efforts to mitigate losses and damages incurred (the existence of which are denied); and Plaintiffs' damages, if any, were caused, in whole or in part, by the acts, omissions, negligence, and/or intentional misconduct by Plaintiffs.  Because PremierGarage has acted reasonably and in good faith, this is not an "exceptional case" under 35 U.C.S. § 285 as against PremierGarage.

– 12 –

***Patent Misuse.***  To prove patent misuse, PremierGarage must show that the Plaintiffs have used their patent "to obtain market benefit beyond that which inures in the statutory patent right." *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 704 (Fed. Cir. 1992).

***Rule 11 Issues.***  Rule 11 requires that a complaint be well-grounded in fact, has a basis in law, and is not filed for an improper purpose. *View Eng'g, Inc. v. Robotic Vision Sys.*, 208 F.3d 981, 984 (Fed. Cir. 2000) (applying 9th Circuit law in affirming a sanction under Rule 11).  The information provided by Plaintiffs to support their pre-suit investigation of this case, in light of Mr. Rowe's subsequent statements, cast doubt that Plaintiffs had sufficient basis to bring this litigation.  As an initial matter, despite alleging continuing infringement, Plaintiffs concede that they have not tested PremierGarage's current Premier NX products, and refuse to stipulate to non-infringement, despite Mr. Rowe's admission in April 2009 that the Premier NX product, supplied by Sika, has a stoichiometric ratio that is not within the claims of the Patents-in-Suit.  In addition, with respect to the PremierOne product, Plaintiffs fail to establish that they had a good faith basis for concluding that PremierGarage's product met each and every limitation of the asserted claims of the Patents-in-Suit.  Even assuming that Plaintiffs could establish that PremierGarage's products had stoichiometric ratios falling within the asserted claims of the Patents-in-Suit (which they cannot), the only foundation for their claim that the "dry to handle" time of PremierGarage's products fell within 120 minutes is an unsigned, draft report based on an ASTM standard that:  (1) Plaintiffs now assert does not apply and (2) at least one of the Plaintiffs now repudiates.  Plaintiffs simply did not have a Rule 11 basis for initiating this litigation.

***Prosecution History Estoppel, Disclaimer, and Waiver.***  In order to show prosecution history disclaimer or waiver, PremierGarage must show that the patentee clearly and unmistakably surrendered claim scope during the prosecution with respect to one or more claims of the Asserted Patents which Plaintiffs are now attempting to recover as a basis for

– 13 –

1    their patent infringement claims against PremierGarage.  *Bayer AG v. Elan Pharm.*

2    *Research Corp.*, 212 F.3d 1241, 1251 (Fed. Cir. 2000).

3            Whether prosecution history estoppel attaches to prevent Plaintiffs from asserting

4    infringement under the doctrine of equivalents with respect to certain limitations is

5    determined by a three-part test, with PremierGarage having the burden as to the first two

6    prongs and the Plaintiffs having the burden as to the third:  "The first question in a

7    prosecution history estoppel inquiry is whether an amendment filed in the Patent and

8    Trademark Office ('PTO') has narrowed the literal scope of a claim."  *Festo Corp. v.*

9    *Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1366 (Fed. Cir. 2003) (en banc).

10   "[T]he second question is whether the reason for that amendment was a substantial one

11   relating to patentability."  *Id.*  If, as here, the answers to the first and second questions are

12   "yes," then there is a presumption that the patentee is barred from asserting infringement

13   under DOE as to the limitations in question.  *Id.*  The patentee may rebut this presumption

14   only by "demonstrat[ing] that the alleged equivalent would have been unforeseeable at the

15   time of the narrowing amendment, that the rationale underlying the narrowing amendment

16   bore no more than a tangential relation to the equivalent in question, or that there was 'some

17   other reason' suggesting that the patentee could not reasonably have been expected to have

18   described the alleged equivalent."  *Festo*, 344 F.3d at 1369 (citations omitted).

19

20           ***Indemnity*.**  Under U.C.C. § 2-312 and Ariz. Rev. Stat. § 47-2312, because the

21   parties did not contract otherwise, the goods that Schorr and In & Out sold PremierGarage

22   were subject to a warranty of title and against infringement.  Moreover, under the agreements

23   between PremierGarage and In & Out and/or Schorr dated January 22, 2005, July 31, 2007,

24   and August 21, 2007, In & Out and Schorr warranted that they had all right and title to the

25   polyaspartic floor coatings that PremierGarage made, used, and/or sold under the agreements

26   as PremierOne, including all right and title to the intellectual property covering the

27   PremierOne product.  In & Out and Schorr further agreed to indemnify and hold

28   PremierGarage harmless for any claims of patent infringement against products made, used,

– 14 –

or sold under the agreement.  Based on the indemnity obligations arising from the agreements and U.C.C. § 2-312 and Ariz. Rev. Stat. § 47-2312, In & Out and Schorr are liable to PremierGarage for all of Plaintiffs' claims against PremierGarage, for PremierGarage's attorneys fees and costs incurred in defending against Plaintiffs' action and in bringing and prosecuting PremierGarage's third party claim against Schorr, and for any pre- and/or post-judgment interest assessed against PremierGarage.

c.   **In & Out, Schorr Tech's Affirmative Defenses**

In & Out and Schorr Tech join in PremierGarage's statement of affirmative defenses of non-infringement, invalidity, standing, estoppel, waiver, laches, implied license, marking, willful infringement, and prosecution history estoppel.

Regarding the as yet unpled affirmative defenses to the cross-claim, set-off is a cause of action upon which a defendant might have brought a separate action against the plaintiff. *W.J. Kroeger Co. v. Travelers Indem. Co.*, 112 Ariz. 285, 541 P.2d 385 (1975). Recoupment is an equitable doctrine that can be used to eliminate or reduce a judgment.  *Id.* Under either theory, the cross-claim defendants have the burden of validity of their claim.

**3.   The factual and legal issues genuinely in dispute.**

a.   What products are accused of infringement.

b.   Whether the Asserted Patents are invalid.

c.   Whether the Asserted Patents are infringed.

d.   Whether any infringement was willful.

e.   Plaintiffs' damages, if any, due to the alleged infringement.

f.   Whether by reason of admissions, arguments, statements and/or amendments made by the applicant for the Asserted Patents during prosecution of the applications that resulted in the issuance of the Asserted Patents, Plaintiffs are estopped from having any claim of the Asserted Patents to include any accused

– 15 –

product under the doctrines of prosecution history estoppel and prosecution history disavowal.

g.   Whether Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and/or implied license.

h.   Whether Plaintiffs' damages, if any, are limited under the marking requirements of 35 U.S.C. § 287.

i.   Whether Plaintiffs' damages, if any, are limited under the first sale and/or exhaustion doctrines.

j.   Whether some or all of Plaintiffs, including but not limited to Indmar and/or HP Spartacote, do not have sufficient title or right to the Asserted Patents and are not entitled to any relief requested herein.

k.   Whether the Patents-in-Suit are unenforceable, in whole or in part, under the doctrine of unclean hands.

l.   Whether the Patents-in-Suit are unenforceable, in whole or in part, under a theory of license.

m.   Whether the Patents-in-Suit are unenforceable under the doctrine of patent misuse.

n.   Whether the damages, if any, that were allegedly sustained by Plaintiffs were caused, in whole or in part, by the acts, omissions, negligence, and/or intentional misconduct by Plaintiffs.

o.   Whether Plaintiffs are precluded as a matter of law from collecting damages from multiple entitles within the chain of manufacture and/or sale of a product.

p.   Whether Plaintiffs failed to use proper and reasonable efforts to mitigate losses and damages incurred (the existence of which are denied), and therefore, PremierGarage has been released and discharged from liability.

q.     Whether the damages, if any, that were alleged sustained by Plaintiffs were the result of acts, omissions, negligence, and/or intentional misconduct of third parties over which PremierGarage had no control.

r.     Whether this is an exceptional case supporting the award of attorneys' fees or costs to Plaintiffs.

s.     Whether In & Out or Schorr Tech are entitled to rely on set-off or recoupment against the claims for indemnity raised by PremierGarage.

At present, the parties do not anticipate being able to narrow these issues via stipulation. Depending upon the results of discovery and claim construction, some of the above issues may be presented to the Court via dispositive or partially-dispositive motion.

**4.  The jurisdictional basis of the case, citing specific statutes.**

This Court has jurisdiction over this matter under 28 U.S.C. § 1338(a).

**5.  The parties, if any, that have not been served.**

All parties have been served, except for Third Party Defendant Ronald Schorr. Third-Party Plaintiff has requested that counsel accept service for Mr. Schorr. Counsel anticipates being able to accept service but has not been able to reach Mr. Schorr to obtain authorization to do so. With the exception of Third Party Defendant Ronald Schorr, all parties have appeared by filing an answer to the Complaint. In & Out and Schorr Tech will shortly be filing their answer to the cross-claim.

**6.  Parties not subject to the Court's Jurisdiction**

There are no such parties.

**7.  Dispositive or partially dispositive issues that may be decided by pretrial motion and a statement of the issues to be decided by these motions.**

PremierGarage believes that due to (1) the likelihood of Edward W. Goldstein and/or Holly H. Barnes becoming a necessary witness in this case on, *inter alia*, the issues of pre-suit testing and Wilmer Rowe's and Indmar's representations to the Plaintiffs regarding their

– 17 –

believe that PremierGarage does not infringe the Asserted Patents, and (2) the conflicts of interest between the Plaintiffs, Goldstein, Faucett & Prebeg, LLC and Gust Rosenfeld PLC should be disqualified from representing any of the Plaintiffs in this action under Arizona Rules of Professional Conduct 1.7, 1.8, 1.9, and/or 3.7.  PremierGarage intends to bring a motion on this issue.  As detailed above, PremierGarage believes that Plaintiffs lack a Rule 11 basis to assert this litigation – and in particular any infringement related to the Premier NX product, and it is contemplating bringing a motion under Rule 11 to the extent that Plaintiffs fail to exclude products that were not subject to presuit testing.  PremierGarage is also investigating and will pursue discovery on whether any pre-suit testing or analysis by Wilmer Rowe and Indmar objectively demonstrate the lack of basis for an infringement claim against PremiereGarage.  After claim construction and discovery, PremierGarage believes that dispositive and/or partially dispositive motions on its claims and defenses may be appropriate.

**8.  Case Suitable for Reference to a Master or United States Magistrate Judge**

Plaintiffs consent to trial before a magistrate judge.

Defendants do not believe that this case is suitable for reference to a master or United States Magistrate Judge and do not consent to a trial by Magistrate Judge.

**9.  The Status of related case pending before other judges of this Court or before other courts.**

There are no related cases pending.

**10.  Suggested changes in the timing, form or disclosure requirement under 26(a):**

Plaintiffs and Defendants will exchange initial disclosures on July 2, 2010.

**11**. **Proposed deadlines for:**

The parties propose the following schedule:

| | Parties' Proposed Date |
|---|---|
| Defendant's Brief Regarding Conflicts of Interest | June 10, 2010 |
| Plaintiff's Response Regarding Conflicts of Interest | June 24, 2010 |
| Defendant's Reply Regarding Conflicts of Interest | July 1, 2010 |
| Exchange of Initial Disclosures | July 2, 2010 |
| Oral Argument Regarding Conflicts | July 8, 2010 |
| Plaintiffs' Preliminary Infringement Contentions | September 1, 2010 |
| Defendants' Preliminary Invalidity Contentions | October 1, 2010 |
| Exchange of Proposed Terms for Construction | November 10, 2010 |
| Last Day to Amend Pleadings | April 1, 2011 |
| Exchange of Preliminary Claim Constructions | December 15, 2010 |
| Joint Claim Construction and Prehearing Statement | January 26, 2011 |
| Completion of Claim Construction Discovery | February 16, 2011 |
| Parties' Opening Claim Construction Brief | March 9, 2011 |
| Parties' Responsive Claim Construction Briefs | April 6, 2011 |
| Parties' Reply Claim Construction Briefs | No replies |
| Claim Construction Hearing | April 21, 2011 |
| Fact Discovery Cutoff | July 1, 2011 |
| Exchange of expert reports on issues on which the party bears the burden of proof | September 1, 2011 |
| Responsive expert reports | October 3, 2011 |
| Expert Discovery Cutoff | October 24, 2011 |

Joint Case Management Report
2:09-cv-02699-SRB

| Last Day for Filing Dispositive Motions | December 1, 2011 |
|---|---|
| Response Brief to Dispositive Motions | January 6, 2012 |
| Reply Brief to Dispositive Motions | January 27, 2012 |
| Dispositive Motion Hearing | February 16, 2012 |
| Pretrial disclosures pursuant to 26(a)(3) | March 19, 2012 |
| Final Pretrial Conference | April 12, 2012 |

**12. Scope of discovery:**

Discovery will be necessary relating to claim construction; validity; infringement; willfulness; damages; indemnity; estoppel, waiver, laches, and implied license; marking; first sale, exhaustion, and license defenses; patent misuse; and prosecution history estoppel, disclaimer, and waiver.  The parties do not believe discovery should be conducted in phases.

**13. Suggested changes to discovery limitations:**

The parties do not propose any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure.

**14. Estimated date that case will be ready for trial and estimated length of trial:**

The parties anticipate that this case will be ready for trial in April 2012 and believe that the trial will take approximately 10 days, given the issues related to the cross-claims and third-party Complaint.  The parties currently do not have suggestions to shorten the trial.

**15.  Whether a jury trial has been requested and whether the request for a jury trial is contested.**

The parties request a jury trial.

**16.  The prospects for settlement, including requests of the Court for assistance in settlement efforts.**

Plaintiffs remain optimistic regarding the prospect of a settlement.  Defendants believe that a settlement conference in front of a Magistrate Judge may be beneficial to the parties' settlement efforts but that the parties' settlement positions at this point do not lend themselves to a productive, early settlement conference.

**17.     This case is not a class action.**

**18.     Whether any complex issues exist:**

The parties do not propose that this case be placed on the complex track for case management purposes.

By: _/s/James G. Speer___
Edward W. Goldstein
Holly H. Barnes
**Goldstein, Faucett & Prebeg, LLP**

James G. Speer
**Gust Rosenfeld PLC**

Attorneys for Plaintiffs

By: __/s/ Nina Y. Wang
Nina Y. Wang
Christopher J. Burrell
**Faegre & Benson, LLP**

Brian LaCorte
Donna H. Catalfio
**Gallagher & Kennedy, PA**

Attorneys for Defendant PremierGarage Systems, LLC

By: __/s/ Scott F. Gibson
Scott F. Gibson
**Gibson Ferrin, PLC**

Attorneys for Defendants In & Out Garage Floors, LLC and Schorr Technologies, LLC

Respectfully submitted May 20, 2010,

– 21 –

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of May, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Edward W. Goldstein
Holly H. Barnes
Goldstein, Faucett & Prebeg, LLP
1177 West Loop South, Suite 400
Houston, TX 77027
egoldstein@gfpiplaw.com
hbarnes@gfpiplaw.com
Attorneys for Plaintiffs

Nina Y. Wang
Christopher J. Burrell
Matthew A. Stump
Faegre & Benson
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203-4532
nwang@faegre.com
cburrell@faegre.com
mstump@gaegre.com

Brian LaCorte (012237)
Donna H. Catalfio (021827)
**Gallagher & Kennedy, PA**
2575 E. Camelback Rd., Suite 1100
Phoenix, AZ 85016-9225
bwl@gknet.com
dhc@gknet.com

Attorneys for Defendant PremierGarage
Systems, LLC

Scott F.Gibson
Russell A. Nevers
Gibson Ferrin, PLC
1423 S. Higley Road, Suite 110
Mesa, AZ 85206
sgibson@gfrlegal.com
rnevers@gfrlegal.com
*Attorneys for Defendants Schorr*
*Technologies,*
*In & Out Garage Floors*

Brian LaCorte
Donna H. Catalfio
*Gallagher & Kennedy, PA*
2575 E. Camelback Rd., Suite 1100
Phoenix, AZ 85016-9225
bwl@gknet.com

– 22 –

dhc@gknet.com
*Attorneys for Defendant PremierGarage*
*Systems, LLC*

*/s/ Edward W. Goldstein*

– 23 –